**DALISHA WALLER,**

Plaintiff,

v.

**UNIVERSITY OF MISSOURI HEALTH CARE; BOARD OF CURATORS OF THE UNIVERSITY OF MISSOURI; and DOES 1–20, in their individual and official capacities,**

Defendants.

## PLAINTIFF'S STATEMENT OF CLAIMS

## I. INTRODUCTION

Plaintiff Dalisha Waller, proceeding pro se, brings this action against University of Missouri Health Care ("MU Health Care") for a pattern of racial discrimination, disability discrimination, deliberate indifference to serious medical needs, nonconsensual physical contact, and falsification of medical records across multiple MU Health Care facilities in Columbia, Missouri. Plaintiff has a documented diagnosis of

**small fiber neuropathy**

, a disability protected under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## II. PARTIES

**1. Plaintiff:**

Dalisha Waller, MRN #, is a Black female resident of Boone County, Missouri, with a diagnosed disability of _____.

**2. Defendant MU Health Care:**

A public university health system in Columbia, Missouri, receiving federal financial assistance, and operating under color of state law.

**3. Defendant Board of Curators:**

 

The governing body of the University of Missouri, bearing institutional responsibility for MU Health Care.

## III. STATEMENT OF FACTS

1.

**Women's & Children's ER, 404 N. Keene St.:**

Plaintiff presented with a severely swollen ankle consistent with fracture. The treating nurse dismissed her pain, stating "Does it even hurt?" and refused to communicate with Plaintiff's family members present. The plaintiff never saw a doctor.

2.

**University Hospital ER & Neurology, 1 Hospital Dr.:**

The plaintiff was transported by ambulance for a possible TIA. An intake staff member grabbed Plaintiff's hair twice without consent. The treating physician refused to review Plaintiff's prior records, ordered a toxicology panel without clinical basis, and discharged Plaintiff without blood pressure medication, blood thinners, or spasm medication. A neurologist dismissed  TIA as "nothing more than a hiccup."

3.

**Woodrail Internal Medicine, 1000 W. Nifong Blvd. (prior visit):**

A nurse grabbed Plaintiff's arm and forced her against a wall without consent. The treating provider attributed Plaintiff's documented symptoms — including scalp lesions, hair loss, migraines, and swelling of eye lids, legs, feet and complete whiteness of toes — solely to anxiety and denied Plaintiff's requests for diagnostic imaging.

4.

**Family Medicine Smiley Lane — Richelle Koopman, April 2025:**

Plaintiff presented with chest pain and shortness of breath. Provider Koopman acknowledged Plaintiff's blood pressure reading of 134/95 was elevated, then physically manipulated the blood pressure machine and altered the reading in the electronic medical record. Koopman

failed to address Plaintiff's TIA history, ongoing cardiovascular symptoms, or expressed concern about lupus, diabetes, cancer

5.

**Family Medicine Clinics, 303 & 305 N. Keene St.:**

Physician Assistant Karen Traynham falsified Plaintiff's medical documentation, Provider Lucas Buffalo terminated Plaintiff's prescribed medications without notice, clinical justification, or explanation.

6.

**Mason Eye Clinic:**

Staff repeatedly used Plaintiff's hair as a pretext for nonconsensual contact across multiple appointments. During one examination, a physician used Plaintiff's head as an armrest.

7.

**MU Dermatology:**

Provider Karen Edison, substituted without notice for the scheduled provider, told Plaintiff her hair loss was "because you're black" and denied Plaintiff's request for a scalp biopsy on the basis that Plaintiff braids and straightens her hair.

8.

**Medicine Specialty/Rheumatology, 1 Hospital Dr. — Dr. Siva Chokkalingam:**

Upon Plaintiff's arrival, Dr. Chokkalingam expressed hostility at Plaintiff's self-referral, stated he did not believe anything was wrong with her, accused her of seeking a social security check, and asked without clinical basis whether Plaintiff had AIDS.

# IV. CLAIMS FOR RELIEF

## CLAIM ONE: Racial Discrimination — Title VI (42 U.S.C. § 2000d)

MU Health Care receives federal financial assistance and is prohibited from discriminating on the basis of race. The conduct described above — including



explicit racial statements, denial of diagnostics, and dismissal of serious medical complaints — constitutes intentional racial discrimination in the provision of medical services.

### CLAIM TWO: Disability Discrimination — ADA Title II (42 U.S.C. § 12132)

Plaintiff's diagnosed small fiber neuropathy substantially limits major life activities. Defendants' repeated failure to evaluate Plaintiff's escalating neurological symptoms and refusal to accommodate her disability constitute denial of equal access to medical services in violation of Title II of the ADA.

### CLAIM THREE: Disability Discrimination — Section 504 (29 U.S.C. § 794)

As a recipient of federal financial assistance, MU Health Care may not exclude or deny benefits to any person on the basis of disability. Defendants' refusal to conduct appropriate diagnostics and refill prescribed medications for a patient with documented small fiber neuropathy constitutes unlawful exclusion from the benefits of medical services.

### CLAIM FOUR: Deliberate Indifference — 42 U.S.C. § 1983 / Fourteenth Amendment

Defendants are state actors. Plaintiff presented repeatedly with serious, documented medical needs including a possible TIA, cardiovascular symptoms, and progressive neuropathy. Defendants' pattern of refusal to evaluate, treat, or properly document Plaintiff's conditions constitutes deliberate indifference to serious medical needs in violation of the Fourteenth Amendment.

### CLAIM FIVE: Battery / Nonconsensual Physical Contact — 42 U.S.C. § 1983

On multiple occasions, MU Health Care personnel made intentional, nonconsensual physical contact with Plaintiff: grabbing her hair at University Hospital, forcibly restraining her at Woodrail Clinic, and using her head as an armrest at Mason Eye Clinic. These acts constitute battery and violation of Plaintiff's bodily autonomy under color of state law.

### CLAIM SIX: Falsification of Medical Records



Defendants engaged in a pattern of falsifying Plaintiff's medical records: PA Karen Traynham falsified documentation at Family Medicine Clinic; staff at a second Family Medicine location entered incorrect health information; and on April, 2025, provider Richelle Koopman altered Plaintiff's blood pressure reading in the electronic medical record after acknowledging the true reading was elevated. This pattern obscured the severity of Plaintiff's conditions, impaired continuity of care, and placed Plaintiff at risk of serious harm.

**JURY TRIAL DEMANDED**

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Terminations of defendants

2. Award compensatory damages for physical harm, emotional distress, and denial of medical care;

Award damages for aggravation of Plaintiff's small fiber neuropathy caused by Defendants' deliberate indifference;

3.

Award punitive damages for Defendants' intentional and discriminatory conduct;

4.

Order correction of Plaintiff's falsified medical records;

5.

Order injunctive relief requiring non-discrimination compliance and accessible patient complaint procedures;

6.

Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Dalisha Waller**

Plaintiff, Pro Se

(202) 738-5843

holdfeetafire6@gmail.com

May 19, 2026